*In re* EDDINGER.

1. PARDONS—PAROLE A CONDITIONAL RELEASE.
   The purpose of a parole is to keep a prisoner in legal
   custody while permitting him to live beyond the prison
   inclosure so that he may have an opportunity to show
   that he can refrain from committing crime; it being a
   conditional release, and the condition being that if he
   makes good he will receive an absolute discharge from the
   balance of his sentence, but if not, he will be returned to
   serve his unexpired term.

2. SAME — ABSOLUTE DISCHARGE MORE THAN RELEASE FROM
   PAROLE.
   An absolute discharge to a prisoner on parole is some-
   thing more than a release from the parole; it being a re-
   mission of the remaining portion of his sentence.

3. SAME—ABSOLUTE DISCHARGE IS A GIFT WHICH MUST BE DE-
   LIVERED AND ACCEPTED TO BE EFFECTIVE—AFTER ACCEPTANCE MAY
   NOT BE REVOKED.
   An absolute discharge, like a pardon, is a gift from the
   governor, and, like any other gift, does not become effect-
   ive until delivered and accepted; but after delivery it
   cannot be recalled.

4. SAME — FIRST FRIEND OF PAROLED PRISONER NOT LEGAL CUS-
   TODIAN OR AGENT.
   One named as the first friend and adviser of a paroled
   prisoner is not his legal custodian, nor is he his attorney
   or agent, but he is only an official friend and adviser.

5. SAME—ABSOLUTE DISCHARGE OF PAROLED PRISONER NEVER DE-
   LIVERED SUBJECT TO REVOCATION BY GOVERNOR AND PRISONER RE-
   TURNED TO PRISON.
   An absolute discharge, sent to a prisoner's first friend for
   delivery to him as contemplated by the statute, which
   was not delivered to the prisoner because he had violated
   the terms of his parole and left the State, never became

Pardons, 29 Cyc. pp. 1562, 1562 (Anno); L. R. A. 1915F, 534;
20 R. C. L. 577-579; 3 R. C. L. Supp. 1085; 5 R. C. L. Supp. 1116.

effective because never delivered, and, therefore, the governor had the power to revoke it and cause the prisoner to be apprehended and returned to prison to serve the balance of his sentence.

*Habeas corpus* and certiorari by Harry Eddinger to secure his release from imprisonment in the State prison at Jackson.     Submitted October 19, 1926. (Calendar No. 32,698.)     Writs dismissed December 8, 1926.

*Michael Garvey*, for plaintiff.

*Andrew B. Dougherty*, Attorney General, and *Harold J. Waples*, Assistant Attorney General, for defendant.

McDONALD, J.     On June 22, 1922, Harry Eddinger was sentenced from the superior court of Grand Rapids to the Michigan reformatory at Ionia, upon an indeterminate sentence of three to six years, for the crime of rape.     On June 12, 1923, he was placed on parole for the period of one year.     In the parole instrument H. S. Williams of Grand Rapids was named his first friend and adviser.     On July 7, 1924, after the parole period had expired, the governor signed an absolute discharge and caused it to be forwarded to H. S. Williams for delivery to Eddinger.     Previous to this Eddinger had violated his parole and fled to California.     The discharge was returned for cancellation.     A warrant was issued.     The prisoner was returned to the Michigan reformatory at Ionia and subsequently transferred to the State prison at Jackson by order of the governor.     On his claim that he is being unlawfully imprisoned, this court has issued writs of certiorari and *habeas corpus* to review the proceedings.

The questions involved relate to the power of the

governor to recall the absolute discharge issued by him, and to revoke the parole after the designated parole period had expired.

The purpose of a parole is to keep the prisoner in legal custody while permitting him to live beyond the prison inclosure so that he may have an opportunity to show that he can refrain from committing crime. It is a conditional release, the condition being that if he makes good he will receive an absolute discharge from the balance of his sentence; but if he does not make good he will be returned to serve his unexpired time. The absolute discharge is something more than a release from parole. It is a remission of the remaining portion of his sentence. Like a pardon, it is a gift from the executive, and like any other gift it does not become effective until it is delivered and accepted. After delivery it cannot be recalled. So in the instant case if there was a delivery and acceptance of the discharge, it was beyond the power of the governor to revoke it. If it be held that there was a delivery it must be on the theory that a delivery to Mr. Williams, the first friend of the prisoner, was a constructive delivery to him. In some cases which will be found cited in 20 R. C. L. p. 548, it has been held that a delivery to a warden of the prison is equivalent to a delivery to the prisoner who is out on parole. The principle of these cases rests upon the legal *status* and relationship of the warden and the prisoner, and the fact that the only delivery intended to be made is upon the warden who keeps the instrument in his files as evidence of his authority to release the prisoner. In the case at bar delivery was attempted to be made through the first friend, Mr. Williams. The statute contemplates actual delivery to the prisoner, and the governor chose Mr. Williams as the medium through whom delivery might be safely made. Mr. Williams was not the legal custodian of the prisoner. He was

only an official friend and adviser. He was not an attorney or agent for the prisoner and was not an official to whom the governor was required to transmit the discharge for delivery. He was merely a messenger intrusted by the governor to make the delivery. The circumstances show that this was the way the delivery was intended to be made, and that it was not intended that a delivery to Mr. Williams should be delivery to the prisoner. Inasmuch as there was no delivery, the governor had the power to revoke the discharge and cause the prisoner, who had violated his parole, to be apprehended and returned to prison to serve the balance of his sentence.

The contention that the prisoner cannot be required to serve the balance of his sentence, because no proceedings were taken to return him to prison before the parole period had expired, is so wholly without merit that it requires no discussion.

The petitioner is not unlawfully imprisoned. The writs of certiorari and *habeas corpus* are therefore dismissed.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.