*In re* CALLAHAN.

1. CRIMINAL LAW—SENTENCE FOR FELONY—LEGISLATURE—COURTS.
    The legislature has exclusive power to determine the length of imprisonment for a felony, a power not subject to judicial supervision, the function of the court being only to impose sentence under and in accord with the statute.

2. SAME—SENTENCE—STATUTES—DISCRETION OF COURT.
    Imposition by a court of a sentence for crime is the performance

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  15 Am Jur, Criminal Law §§ 459, 460, 507.
[3]  15 Am Jur, Criminal Law § 512.
[4]  15 Am Jur, Criminal Law § 464 *et seq.*
[6]  15 Am Jur, Criminal Law § 469.

of a ministerial function with discretion confined to the limits permitted by statute.

3. SAME—PAROLE—COMMENCEMENT OF NEW SENTENCE—STATUTES.

A statutory provision that sentence for a felony committed while on parole shall commence at the expiration of the prior sentence is within the legislative power and not violative of those conferred on the judicial branch of government (PA 1937, No 255, ch 3, § 8).

4. SAME—DEFERMENT OF COMMENCEMENT OF SENTENCE FOR CRIME COMMITTED WHILE ON PAROLE.

An order by the parole board suspending the commencement of a 1940 sentence for a crime committed while on parole from a 1931 sentence until the 1931 sentence had been served was unnecessary, since such deferment was pursuant to the mandatory provision of the statute then in force (PA 1937, No 255, ch 3, § 8).

5. CONSTITUTIONAL LAW—COURTS.

Courts determine questions of constitutionality.

6. CRIMINAL LAW—CONSECUTIVE SENTENCES—STATUTES—GOOD TIME.

A prisoner who was sentenced for consecutive terms, the last having been received during the life of a former is entitled to have his new maximum term computed by adding the maximums of his previous terms pursuant to provision of currently applicable statute, less statutory good time and such special good time as may have been or hereafter may be allowed him (PA 1953, No 232, §§ 34, 38, as amended by PA 1955, No 107).

7. HABEAS CORPUS—SENTENCE—GOOD TIME.

Discharge of prisoner, confined under sentence for consecutive terms, under writ of habeas corpus is held in abeyance until it is determined whether or not his maximum terms less statutory good time and special good-time allowances entitle him to release, where record fails to disclose all pertinent facts relative to special good-time allowances (PA 1953, No 232, §§ 34, 38, as amended by PA 1955, No 107).

Original petition by Donald E. Callahan for writ of habeas corpus, with ancillary writ of certiorari, directed to Department of Corrections to test validity of continued imprisonment on several sentences for robbery armed. Submitted July 31, 1956. (Cal-

endar No. 46,751.)    Determination of propriety of
continued imprisonment February 28, 1957.   Writ of
habeas corpus held in abeyance pending computation
of statutory and special good-time allowances against
maximum sentences, as determined.

*Donald E. Callahan, in propria persona.*

*Thomas M. Kavanagh,* Attorney General, *Edmund
E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,*
Assistant Attorney General, for defendant.

DETHMERS, C. J.   Having allowed habeas corpus
and the ancillary writ of certiorari, we proceed to
inquire into the legality of plaintiff's continued im-
prisonment.

Four times plaintiff was convicted of felonies, the
last 3 committed while on parole.   His third convic-
tion was of robbery armed for which sentence was
imposed on September 30, 1931, of imprisonment for
15 to 50 years.   While on parole from that sentence
he again committed the crime of robbery armed for
which he was sentenced on July 5, 1940, to a prison
term of 10 to 30 years.   It is defendant's contention
that under PA 1937, No 255, ch 3, § 8 (CLS 1940,
§ 17543–48, Stat Ann 1946 Cum Supp § 28.2108),
plaintiff was required to serve the remainder of the
1931 sentence before he could begin to serve the 1940
sentence; that the 1931 sentence was suspended on
February 2, 1953, and that, accordingly, plaintiff
began serving his 1940 sentence as of that date and
that, therefore, the 1940 sentence has not yet been
fully served and plaintiff is not entitled to release.

Plaintiff contends that the 1937 act was unconstitu-
tional and violative of Constitution 1908, art 4, § 2,
because it provided for invasion of the judicial prov-
ince by an agency of the administrative branch of
government in that it permitted the parole board to

order a judicially imposed sentence to commence, contrary to the terms of the mittimus, at a date later than its imposition, namely, after his prior sentence had been served. On the basis of that claim of unconstitutionality plaintiff says that his 1940 sentence began to run when imposed, that the minimum of his 10-to-30-year term has expired and that, if due credit be given for applicable good-time allowances, even the maximum was fully served by July 5, 1955.

The legislature has exclusive power to determine the length of imprisonment for a felony. That power is not subject to judicial supervision, the function of the court being only to impose sentence under and in accord with the statute. *In re Doelle,* 323 Mich 241; *People* v. *Harwood,* 286 Mich 96, and cases therein cited. In so doing the court performs a ministerial function with discretion confined to the limits permitted by the statute. *In re Duff,* 141 Mich 623; *In re Evans,* 173 Mich 25. Accordingly, the provision of the act here in question, providing that a sentence for a felony committed while on parole shall commence at the expiration of service of the prior sentence, is within the legislative power and not violative of those conferred by the Constitution on the judicial branch of government. Nor may it be said that the statute bestows a judicial function on the parole board. Its order suspending commencement of the 1940 sentence until the 1931 sentence had been served was unnecessary because the suspension was automatic under the statute. Deferment of service of the 1940 sentence was not occasioned by the action of the parole board but by the mandatory provision of the statute. *Canfield* v. *Commissioner of Pardons and Paroles,* 280 Mich 305. That statute must be read into the 1940 sentence. *In re Duff, supra.* Anything in the sentence to the contrary was surplusage and a nullity. *In re Evans, supra.* We are not impressed by plaintiff's contention that the legislature evi-

denced a recognition of the unconstitutionality of the 1937 act by repeal of the provision in question and enactment of PA 1954, No 100,* which provides that the sentencing judge may determine whether the second sentence shall commence forthwith or after expiration of the term of the previous sentence. There is no authority for that theory. At all events, courts determine questions of constitutionality and we hold the 1937 act valid. It follows that plaintiff is not entitled to release under the 1940 sentence on the theory that it began running as of the date of its imposition and expired not later than July 5, 1955.

We come to consideration of a more serious problem. Plaintiff urges that he is entitled to release under PA 1953, No 232, §§ 34 and 38 (CLS 1954, §§ 791.234, 791.238, Stat Ann 1954 Rev §§ 28.2304, 28.2308). Section 38 provides, in part:

"Any prisoner committing a crime while at large upon parole and being convicted and sentenced therefor shall be treated as to the last incurred term, as provided under section 34 of this act."

Section 34 provides, in part:

"Every prisoner sentenced to an indeterminate sentence and confined in a State prison or reformatory, when he has served a period of time equal to the minimum sentence imposed by the court for the crime of which he was convicted, less allowances made for good time and special good time, shall be subject to the jurisdiction of the parole board.

"In case the prisoner is sentenced for consecutive terms, whether received at the same time or at any time during the life of the original sentence, the parole board shall have jurisdiction over the prisoner for purposes of parole when he shall have served the total time of the added minimum terms, less the good-time credit allowed by statute. The maximum terms

* This act added section 7a to chapter 8 of PA 1927, No 175 (CLS 1954, § 768.7a, Stat Ann 1954 Rev § 28.1030[1]).

of the sentences shall be added to compute the new maximum term under this provision and discharge shall be issued only after the sum total of such maximum sentences has been served less the good time credit the prisoner may earn or may be awarded by appropriate order; unless the procedure of parole shall intervene and discharge issue upon satisfactory completion of said parole, in which case the maximum term shall be discharged."*

Defendant reasons that the 1953 act, effective as of October 2d of that year, is of no avail to plaintiff, first, because, at all events, he would not be entitled to release at the expiration of his minimum term, as computed under that act, because, as determined by the parole board on September 22, 1955, in denying him parole, he has recidivistic traits making his parole undesirable; and, second, because the provisions of the statute for computing his maximum term by adding the maximums of his consecutive sentences are inapplicable here because on the effective date of the act plaintiff was serving only his 1940 sentence after having been discharged by the board, on February 2, 1953, from the remainder of the maximum of his 1931 sentence. Defendant says that, therefore, he was not serving consecutive sentences and, accordingly, there were no maximums to add. This reasoning we reject. The board's act of grace of February 2, 1953, discharging plaintiff from the 1931 sentence, cannot have the effect of stripping him of benefits under the 1953 act. On its effective date plaintiff was not in prison solely by reason of the 1940 sentence, service of which he would have completed long before were it not for the existence of the prior sentence of 1931. It was the fact that there were consecutive sentences that occasioned plaintiff's continued presence in prison after July 5, 1955, when his maximum under the 1940 sentence would have expired

---

* This section was also amended by PA 1955, No 107.—Reporter.

after application thereto of statutory good-time allowances. Plaintiff is, in the language of the 1953 statute, a prisoner who was sentenced for consecutive terms, the last having been received during the life of a former and, therefore, the provisions of the statute for computing a new maximum term by adding the maximums of his previous terms must be followed.

We hold, therefore, that when the total of plaintiff's maximum terms, less statutory good time and such special good time as may have been or hereafter may be allowed him, has been served he shall be entitled to release. The record fails to disclose all the pertinent facts relative to special good-time allowances. For that reason the writ of habeas corpus will be held in abeyance pending prompt determination by defendant of special good-time allowance and computation of the total maximum term remaining unserved, if any, after such allowance. If, on that basis and under our view of the law as herein announced, plaintiff is entitled to his release, he should be released forthwith. If he is not on that basis entitled to immediate release, he should be held until he is so entitled and then released, or sooner if the parole board should so determine. The case is remanded for further or amended return, to be made promptly, concerning the matters indicated, after which such order will be entered here as then may be necessary to effectuate our holding herein.

SHARPE, SMITH, EDWARDS, KELLY, CARR, and BLACK, JJ., concurred.

VOELKER, J., took no part in the decision of this case.