*In re* MEISSNER.

1. Constitutional Law—Due Process.

  The test for denial of due process depends in each case upon the established facts thereof.

2. Same—Due Process—Want of Counsel—Rape—Plea of Guilty —Fair Trial.

  Habeas corpus petitioner who had pleaded guilty to charge of rape *held*, not to have shown that he was denied a fair trial, where record shows him to have been a mature man with considerable experience in the criminal courts, an awareness by him of the nature of the plea made, and, pursuant to the requirements of the statute, a conscientious observance of the form and substance of due process by the trial court as to his examination of defendant, defendant does not even allege he was unaware of his right to counsel, and it does not appear that want of counsel constituted an ingredient of unfairness actively operating in the process that resulted in his incarceration (CL 1948, § 768.35).

Original petition by Henry Meissner for writ of habeas corpus directed to prison warden, with ancillary writ of certiorari to Jackson county circuit court to test validity of sentence for rape. Submitted December 18, 1959. (Calendar No. 48,010.) Writs dismissed February 25, 1960.

*Henry Meissner, in propria persona.*

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *Russell E. Noble,* Prosecuting Attorney, for the people.

---

References for Points in Headnotes

[2] 14 Am Jur, Criminal Law §§ 167, 173.
  Duty to advise accused as to right to assistance of counsel. 3 ALR2d 1003.

Smith, J. This is a writ of habeas corpus, with ancillary writ of certiorari, to inquire into the legality of the confinement of the petitioner in the State prison at Jackson.

The return of the circuit judge to the ancillary writ of certiorari shows that a complaint was made before the municipal court of the city of Jackson on July 17, 1939, charging the petitioner with having, on March 15, 1939, ravished and carnally known a female of the age of 16 years, by force and against her will. A warrant containing this charge was thereupon issued. Examination was held in the municipal court, at which time was taken the testimony of the complaining witness and others. The defendant was thereupon bound over to the circuit court for the county of Jackson for trial. On July 26, 1939, the defendant was duly arraigned on information filed in the circuit court before Honorable John Simpson, Circuit Judge. The court thus formally stated the circumstances attending the plea of guilty:

"The defendant in this cause, having been duly arraigned at the bar in open court and the information read to him by the prosecuting attorney, pleads thereto guilty, and the court having examined into the facts of the case, and having also privately examined into the facts of the case, and having also privately examined the defendant concerning the circumstances which induced him to plead guilty, and having therefrom ascertained that the said plea was made freely and with full knowledge of the nature of the said accusation and without any undue influence; therefore, it is ordered by the court now here that the said plea be and the same hereby is accepted."*

---

* CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058) provides:
"Whenever any person shall plead guilty to an information filed against him in any court, it shall be the duty of the judge of such court, before pronouncing judgment or sentence upon such plea, to become satisfied after such investigation as he may deem necessary for that purpose respecting the nature of the case, and the circum-

The return also includes a statement by the sentencing judge to the effect that the petitioner had previously been incarcerated for grand larceny, and for uttering and publishing, and since his release from Jackson prison on parole, had been sentenced to 90 days in jail for molesting a female child of the age of 3 or 4 years.

The petitioner asserts to us that he did not in fact plead guilty, that he was not advised of his constitutional rights, and that he was deprived of the right to be represented by counsel.

The essence of petitioner's charges is that he did not have a fair trial and thus was deprived of due process of law. The test for denial of due process depends in each case upon the established facts thereof. We note that at the time the petitioner was before the court he was a mature man with considerable experience in the criminal courts. He nowhere alleges in the papers before us that he was unaware of his right to counsel, and in view of the circumstances we are constrained to the belief that he was fully aware thereof. To invalidate a plea of guilty (which the return before us establishes was made) the prisoner "must establish that 'for want of benefit of counsel an ingredient of unfairness actively operated in the process that resulted in his confinement.'" *Quicksall* v. *Michigan,* 339 US 660, 666 (70 S Ct 910, 94 L ed 1188). We are not persuaded thereof upon the showing made to us in this case. There appears, on the contrary, to have been a conscientious observance of both the statutory form and the substance of due process, an inquiry into the offense charged and the circumstances there-

---

stances of such plea, that said plea was made freely, with full knowledge of the nature of the accusation, and without undue influence. And whenever said judge shall have reason to doubt the truth of such plea of guilty, it shall be his duty to vacate the same, direct a plea of not guilty to be entered and order a trial of the issue thus formed."

of, and an awareness of the petitioner of the nature of the plea made.

The writs are dismissed.

Dethmers, C. J., and Carr, Kelly, Black, Edwards, and Kavanagh, JJ., concurred.

Souris, J., took no part in the decision of this case.