PEOPLE v TANKSLEY

Docket Nos. 49208, 49209. Submitted November 6, 1980, at Detroit.—
    Decided January 23, 1981.

   Gene Tanksley pled guilty in Detroit Recorder's Court to charges
   of possession with intent to deliver less than 50 grams of heroin
   and to possession of between 50 and 225 grams of heroin.
   Defendant was sentenced to concurrent terms of 6 to 20 years
   imprisonment on the intent to deliver conviction and lifetime
   probation on the possession conviction, David P. Kerwin, J.
   Defendant appeals, contending that a sentence of lifetime
   probation violates 1) the constitutional prohibition against
   cruel or unusual punishment and 2) the equal protection clause
   of the Constitution. He also argues that the newly enacted
   Public Health Code violates the title-object clause of the Consti-
   tution. *Held:*

      1. The dominant test for determining if a given punishment
   constitutes cruel or unusual punishment is whether the punish-
   ment is in excess of any that would be suitable to fit the crime.
   In light of the seriousness of defendant's crime, the Court is not
   persuaded that the Legislature violated the constitutional pro-
   hibition against cruel or unusual punishment in providing for a
   sentence of lifetime probation.

      2. Defendant failed to demonstrate that the sentencing provi-
   sion of the controlled substances statute is not reasonably
   related to the Legislature's purpose in punishing those involved
   with dangerous controlled substances. There is no violation of
   the equal protection clause of the Constitution.

      3. The newly enacted Public Health Code does not violate the
   title-object clause of the Constitution.

      Affirmed.

1. CRIMINAL LAW — SENTENCING — CRUEL OR UNUSUAL PUNISHMENT.
   The dominant test for determining if a given punishment consti-

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 611.
[2] 21 Am Jur 2d, Criminal Law § 577.
[3] 16A Am Jur 2d, Constitutional Law § 760 *et seq.*
   21 Am Jur 2d, Criminal Law § 229 *et seq.*

tutes cruel or unusual punishment is whether the punishment is in excess of any that would be suitable to fit the crime.

2. CRIMINAL LAW — SENTENCING — MAXIMUM AND MINIMUM PUNISH-MENT — LEGISLATIVE POWER.

The Legislature has the exclusive power to fix the maximum and minimum punishment for all crimes.

3. CONSTITUTIONAL LAW — STATUTES — EQUAL PROTECTION — RA-TIONAL BASIS.

A party attacking a statutory classification on equal protection grounds bears the heavy burden of demonstrating that the classification has no rational basis; if there is a reasonable relationship between a legitimate state interest and the statutory classification, there is no denial of equal protection (Const 1963, art 1, § 2).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Stone, Richardson & Allen, P.C.,* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and D. F. WALSH and D. C. RILEY, JJ.

PER CURIAM. Defendant pled guilty to the offenses of possession with intent to deliver less than 50 grams of heroin, MCL 333.7401(2)(a); MSA 14.15(7401)(2)(a), and possession of between 50 and 225 grams of heroin, MCL 333.7403(2)(a); MSA 14.15(7403)(2)(a). The trial court imposed concurrent sentences of 6 to 20 years and lifetime probation,[1] respectively.

---

[1] MCL 333.7403(2)(a)(iii); MSA 14.15(7403)(2)(a)(iii), provides:

"(2) A person who violates this section as to:

"(a) A controlled substance classified in schedule 1 or 2 which is either a narcotic drug or described in section 7214(a)(iv), and:

\* \* \*

"(iii) Which is in an amount of 50 grams or more, but less than 225

Defendant first argues that a sentence of lifetime probation violates the constitutional prohibition against cruel or unusual punishment. Const 1963, art 1, § 16. Defendant submits that a narcotics offense is punished more severely than more dangerous offenses since probation is limited to a period of five years for all other felonies except murder, treason, and armed robbery, MCL 771.1; MSA 28.1131, and that a sentence of probation for life is harsh and excessive since it places an individual under a threat of loss of liberty for an entire lifetime.

The dominant test for determining if a given punishment constitutes cruel or unusual punishment is whether "the punishment is in excess of any that would be suitable to fit the crime". *People v Lorentzen,* 387 Mich 167, 176; 194 NW2d 827 (1972).

In our judgment the possession of between 50 and 225 grams of heroin is a most serious crime considering the large quantity and the nature of the drug involved. Although made with reference to a sale of heroin, we note the Supreme Court's statements in *People v Stewart (On Rehearing),* 400 Mich 540, 554; 256 NW2d 31 (1977):

"The social loss and attendant crime which is occasioned by heroin addiction in our society has reached tragic proportions. We are unwilling to strike down as cruel and unusual this former statutory punishment, imposed upon those who sold heroin and thus traded in such human ignorance, weakness and degradation."

In refusing a claim that certain provisions of the California Health and Safety Code constitute cruel

grams, of any mixture containing that substance is guilty of a felony and shall be either imprisoned for not less than 10 years nor more than 20 years or placed on probation for life."

and unusual punishment, the California court in *In re Orosco,* 82 Cal App 3d 924, 929; 147 Cal Rptr 463 (1978), aptly stated:

"Petitioner's claim for relief * * * focuses on the fact that she is a nonviolent offender, guilty of a nonviolent, victimless offense. As such, she claims, the danger posed to society by her behavior is minimal. Viewing petitioner and her conduct in isolation, the danger which they pose to society may indeed be minimal. The Legislature did not enact the statute, however, to cover isolated instances of drug use. The statute is part of an overall legislative scheme to control the illicit sale, possession and use of certain dangerous and/or addictive substances. The magnitude of the problem posed by such substances may be judicially noted. Whether by virtue of the fact that users of such drugs cannot behave in a socially responsible fashion while under their influence, or that a sizeable proportion of such users support their habits through illegal means, the offense proscribed by section 11550, cannot be regarded as having a de minimus impact upon society."

Likewise in *State v Mallery,* 364 So 2d 1283, 1285 (La, 1978), the Court noted:

"It is no defense to this prosecution that distribution of drugs is not a violent crime and consequently punishment for this offense should not be on a par with second-degree murder and aggravated kidnapping. Assuming the punishments are equal, traffic in narcotics is an insidious crime which, although not necessarily violent, is surely as grave. Indeed, the effect upon society of drug traffic is pernicious and far-reaching. For each transaction in drugs breeds another and in the case of heroin the degeneracy of the victim is virtually irreversible. Compared to the effect of drug traffic on society, isolated violent crimes may well be considered the lesser of the two evils."

The Legislature has the exclusive power to fix

the maximum and minimum punishment for all crimes. *People v Hall,* 396 Mich 650, 658; 242 NW2d 377 (1976). In light of the seriousness of the crime under consideration here we are not persuaded that the Legislature violated the constitutional prohibition against cruel or unusual punishment in providing for a sentence of lifetime probation.

Defendant next argues that a sentence of lifetime probation violates the equal protection clause of the Constitution. Const 1963, art 1, § 2. To sustain, on equal protection grounds, an attack on a statutory classification, the party making the attack bears the heavy burden of demonstrating that the classification has no rational basis. If there is a reasonable relationship between a legitimate state interest and the statutory classification, there is no denial of equal protection. *Forest v Parmalee,* 402 Mich 348, 356; 262 NW2d 653 (1978). Defendant has failed to demonstrate that the sentencing provision of MCL 333.7403(2)(a)(iii); MSA 14.15(7403)(2)(a)(iii), is not reasonably related to the Legislature's purpose in punishing those involved with dangerous controlled substances. We find no violation of the equal protection clause of the Constitution.

Defendant's final argument that the newly enacted Public Health Code, 1978 PA 368, MCL 333.1101 *et seq.;* MSA 14.15(1101) *et seq.,* violates the title-object clause of the Constitution[2] has been rejected by this Court in *People v Trupiano,* 97 Mich App 416; 296 NW2d 49 (1980), *lv den* 409 Mich 895 (1980).

Affirmed.

---

[2] Const 1963, art 4, § 24.