PEOPLE v KAIGLER

Docket No. 57515. Submitted March 17, 1982, at Detroit.—Decided
     May 21, 1982.

     Elmer Kaigler pled guilty in Detroit Recorder's Court to charges
     of possession with intent to deliver cocaine and possession of a
     firearm in the commission of or attempt to commit a felony.
     Defendant was sentenced to a 2-year prison term for the felony-
     firearm conviction and a consecutive prison term of 4 to 20
     years for the possession with intent to deliver cocaine convic-
     tion, Michael J. Talbot, J. Defendant appeals. *Held:*

     1. A rational basis exists for classifying cocaine along with
     narcotic drugs for penalty purposes, and defendant has failed to
     present any scientific data which would indicate that the
     Legislature acted arbitrarily in controlling cocaine and placing
     it in the same category (Schedule 2) as heroin and other "hard
     drugs". The Legislature's decision to classify cocaine as a
     Schedule 2 drug does not conflict with the constitutional provi-
     sion for equal protection.

     2. Defendant's argument that the penalty provision for a
     conviction under the possession and delivery of controlled
     substances statute constitutes cruel or unusual punishment is
     without merit.

     3. Defendant suffered no prejudice by not being present
     during an in-chambers sentencing conference between the sen-
     tencing judge, the prosecutor and defendant's attorney.

     Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — CONSTITUTIONALITY OF STATUTE
     — APPEAL.

     A plea of guilty does not waive appellate consideration of the

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 490.
[2] 16 Am Jur 2d, Constitutional Law § 251.
[2, 3] 16A Am Jur 2d, Constitutional Law § 752.
[3] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 2, 17.
[4] 21 Am Jur 2d, Criminal Law § 539.
[5] 21A Am Jur 2d, Criminal Law § 922.

constitutionality of the statute under which a defendant was convicted.

2. CONSTITUTIONAL LAW — STATUTES — EQUAL PROTECTION — RATIONAL BASIS.

A party attacking a statutory classification on equal protection grounds bears the heavy burden of demonstrating that the classification has no rational basis; if there is a reasonable relationship between a legitimate state interest and the statutory classification, there is no denial of equal protection (Const 1963, art 1, § 2).

3. CONTROLLED SUBSTANCES — COCAINE — EQUAL PROTECTION.

A rational basis exists for classifying cocaine along with narcotic drugs for penalty purposes under the controlled substances statute (MCL 333.7401; MSA 14.15[7401]).

4. CONTROLLED SUBSTANCES — PENALTIES — CRUEL AND UNUSUAL PUNISHMENT.

The penalty provision for a conviction under the controlled substances portion of the Public Health Code does not constitute cruel or unusual punishment (US Const, Am VIII; Const 1963, art 1, § 16; MCL 333.7401; MSA 14.15[7401]).

5. CRIMINAL LAW — SENTENCING — IN-CHAMBERS CONFERENCE.

A defendant's sentence need not be vacated on the ground that he was not present at an in-chambers sentencing conference between the sentencing judge, the prosecuting attorney and the defendant's attorney where no prejudice is shown to have occurred.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

*McGinnis & Evelyn, P.C.,* for defendant on appeal.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and N. J. LAMBROS,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendant was charged with possession with intent to deliver cocaine, MCL 333.7401(2)(a); MSA 14.15(7401)(2)(a), and possession of a firearm in the commission of or attempt to commit a felony, MCL 750.227b; MSA 28.424(2). Defendant pled guilty to the charges and was sentenced to a prison term of 2 years for the felony-firearm conviction and a consecutive prison term of 4 to 20 years for the possession with intent to deliver cocaine conviction. He appeals as of right.

Defendant's first argument is that MCL 333.7214; MSA 14.15(7214), which classifies cocaine as a narcotic drug and provides for punishment to the same degree as for persons convicted of distributing heroin and other "hard drugs", violates the Equal Protection Clauses of the federal and state constitutions.[1] Defendant contends that cocaine should not be included among the Schedule 2 list of controlled substances. Defendant did not raise this issue in the trial court. Therefore, the issue is not preserved for appellate review in the absence of clear and manifest injustice. *People v Jones,* 83 Mich App 559, 569; 269 NW2d 224 (1978), *People v Penn,* 70 Mich App 638, 642; 247 NW2d 575 (1976). We note that a plea of guilty does not waive appellate consideration of the constitutionality of the statute under which defendant was convicted. *People v Alvin Johnson,* 396 Mich 424, 444; 240 NW2d 729 (1976), *People v Gilliam,* 108 Mich App 695, 698; 310 NW2d 843 (1981). Since manifest injustice to the defendant would occur if he were convicted under an unconstitutional statute, we will review his claim.

---

[1] US Const, Am XIV, § 1: "No State shall * * * deny to any person within its jurisdiction the equal protection of the laws."

Const 1963, art 1, § 2 provides: "No person shall be denied the equal protection of the laws * * *."

In reviewing this claim, the traditional equal protection test must be applied. That is, there is a heavy burden on the defendant (the person attacking the classification) to demonstrate that the legislative decision to control cocaine and to classify it along with narcotic drugs in the Schedule 2 list of controlled substances lacked a rational basis, *i.e.,* that the decision was essentially arbitrary. *People v Schmidt,* 86 Mich App 574, 579; 272 NW2d 732 (1978), *lv den* 406 Mich 881 (1979). If there is a reasonable relationship between a legitimate state interest and the statutory classification, there is no denial of equal protection. *People v Tanksley,* 103 Mich App 268, 272; 303 NW2d 200 (1981).

We find that defendant has failed to meet his burden. We first note that defendant incorrectly asserts that cocaine is classified as a narcotic drug. In Schedule 2, cocaine is not designated as a narcotic drug.

Defendant contends that his argument finds support in *People v Harman,* a Livingston County Circuit Court case reported in 29 Crim Law Rptr 2137, May 13, 1981, where the court relied on *People v McCarty,* 93 Ill App 3d 898; 418 NE2d 26 (1981). In *McCarty,* the Illinois appellate court found that the classification of cocaine as a narcotic was capricious and irrational since cocaine was neither addictive nor a depressant and could not be classified along with true narcotics. The court thus found that the defendant had been denied equal protection. Defendant's reliance on these cases is misplaced. The Illinois appellate court was reversed by the Illinois Supreme Court in *People v McCarty,* 86 Ill 2d 247; 427 NE2d 147 (1981).

The Illinois Supreme Court found that a rational

basis existed to validate the legislative judgment to classify cocaine as a narcotic drug. The bases enumerated by the Court were: (1) enormous profit from illegal cocaine traffic has led to a great deal of crime, including violent crime, as major importers and dealers compete with each other; (2) a strong correlation between the use of cocaine and the use of heroin and the opiates; (3) potential harm to a user inherent in the illegal use of cocaine including the danger inherent in the increase in the practice of smoking coca paste or freebase cocaine; and (4) the ongoing dispute in the scientific and medical community as to the potential harm inherent in the use of cocaine and the abundance of unresolved questions concerning the effect of cocaine on humans. Further, the Court noted that all courts which have dealt with the identical issue, with the exception of the *Harman* case, have upheld the classification of cocaine as a narcotic for penalty purposes. The Court cited numerous cases. See *McCarty, supra,* 256-260.

We agree with the Illinois Supreme Court that a rational basis exists for classifying cocaine along with narcotic drugs for penalty purposes. Furthermore, we note that the defendant has failed to present to this Court any scientific data which would indicate that the Legislature acted arbitrarily in controlling cocaine and placing it in Schedule 2.

In *People v Schmidt, supra,* where the defendant claimed that the classification of marijuana as a Schedule 1 drug was unconstitutional as a deprivation of defendant's rights to equal protection of the law, the Court, in upholding the constitutionality of the classification, found that the Legislature is better equipped to make findings and decisions in this area. We are allowed to intervene only if the

Legislature's decision conflicts with the constitution. In this case, we find that the Legislature's decision to classify cocaine as a Schedule 2 drug does not conflict with the constitutional provision for equal protection.

Next, defendant argues that the penalty provision for a conviction under MCL 333.7401; MSA 14.15(7401) constitutes cruel or unusual punishment.

Recently, this Court has found that this argument lacks merit. *People v Campbell,* 115 Mich App 369; 320 NW2d 381 (1982). Also, this Court has rejected the argument that the mandatory penalty of life imprisonment for possession of cocaine constitutes cruel or unusual punishment. *People v McCarty,* 113 Mich App 464; 317 NW2d 659 (1982). In addition, this Court has found that the penalty for possession of 50 or more but less than 225 grams of heroin does not violate the constitutional prohibition against cruel or unusual punishment, *People v DeLeon,* 110 Mich App 320, 329; 313 NW2d 110 (1981), and the lifetime probation provision for possession of 50 or more but less than 225 grams of heroin is not cruel or unusual punishment, *People v Tanksley, supra.* In addition, this Court has stated:

"The statutory scheme of the controlled substances portion of the health code punishes those found to be in possession of greater amounts of mixtures containing controlled substances with more severe penalties. We find that the legislative policies underlying criminal penalties—rehabilitation of the offender, society's need to deter the behavior in others, the prevention of the offender from causing injury to others—are achieved by this statute's graduated punishment. *People v Lorentzen,* 387 Mich 167; 194 NW2d 827 (1972). The penalties that may be imposed under this statute do not shock the judicial conscience in light of the gravity of the

offenses." *People v Lemble,* 103 Mich App 220, 222; 303 NW2d 191 (1981).

We agree with the reasoning set forth in the above opinions. In light of the seriousness of the crime under consideration, we are not persuaded that the Legislature violated the constitutional prohibitions against cruel or unusual punishment.

Defendant's last claim of error is that his sentence should be vacated because he was not present at the in-chambers sentencing conference between the sentencing judge, the prosecutor and his attorney. Defendant relies on *People v Pulley,* 411 Mich 523; 309 NW2d 170 (1981). We have reviewed the record and find that no prejudice has been shown.

Affirmed.