# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 13, 2019

158812

VERNON LENARD KATO,
   Plaintiff-Appellant,

v

DEPARTMENT OF CORRECTIONS,
   Defendant-Appellee.
_____/

SC: 158812
COA: 344089

Bridget M. McCormack,
*Chief Justice*

David F. Viviano,
*Chief Justice Pro Tem*

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
*Justices*

By order of May 22, 2019, the Department of Corrections was directed to answer the application for leave to appeal the November 5, 2018 order of the Court of Appeals. On order of the Court, the answer having been received, the application for leave to appeal is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CAVANAGH, J., (*concurring*).

I concur in the denial of leave to appeal for two reasons. First, plaintiff does not appear to have complied with the requirement in MCR 3.303(A)(2) that his action "be brought in the county in which the prisoner is detained," but instead initiated his action in the Court of Appeals. He may have done so having observed that MCR 7.203(C)(3) allows the Court of Appeals to "entertain an action" for habeas corpus. However, reading the two rules together, it appears the Court of Appeals may only "entertain" an action for habeas corpus if the action was first "brought" in the county in which the prisoner is detained—presumably in circuit court. Second, even if the action for habeas corpus was correctly initiated, plaintiff's argument relies on the factual predicate that he was presented with a certificate of discharge from parole. If that is true, plaintiff may well have been, and may yet be, entitled to relief. The Department of Corrections may not cancel a parole discharge "once the final order of discharge has been entered and the certificate of discharge issued to the prisoner." *People v Holder*, 483 Mich 168, 173 (2009). A discharge from parole is a "remission of the remaining portion of [a] sentence. . . . After delivery it cannot be recalled." *In re Eddinger*, 236 Mich 668, 670 (1926). Plaintiff has requested an evidentiary hearing to establish that he was presented with the certificate, but he has made no offer of proof as to how he would establish this fact at such a hearing.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 13, 2019



Clerk

b0910