PEOPLE v DUKES

Docket No. 131607. Submitted January 19, 1993, at Lansing. Decided
    March 2, 1993, at 9:35 A.M. Leave to appeal sought.

    Derrick Dukes was convicted by a jury in the Genesee Circuit
    Court, Thomas C. Yeotis, J., of an unarmed robbery committed
    while serving time in the county jail as part of a sentence of
    probation for an unrelated offense. The defendant then pleaded
    guilty of being an habitual offender and was sentenced to 10 to
    22½ years' imprisonment, to be served after the completion of
    the jail term. The defendant appealed, claiming that the prison
    sentence should have been concurrent with the jail term.

    The Court of Appeals *held:*

    Pursuant to MCL 768.7a(1); MSA 28.1030(1)(1), a term of
    imprisonment in a penal or reformatory institution imposed as
    the sentence for an offense committed by a person already
    incarcerated in such an institution must commence at the
    expiration of the prior term of imprisonment. A county jail,
    when utilized in the execution of a sentence, is a penal institu-
    tion for purposes of the statute.

    Affirmed.

SENTENCES — CONSECUTIVE SENTENCING.

    A term of imprisonment in a penal or reformatory institution
    imposed for an offense committed while the defendant was
    serving time in a county jail as part of a sentence of probation
    for an unrelated offense must commence at the expiration of
    the jail term (MCL 768.7a[1]; MSA 28.1030[1][1]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Gladys L. Christopherson,* Assistant Prosecuting Attorney, for the people.

*Joseph J. Farah,* for the defendant on appeal.

REFERENCES
Am Jur 2d, Criminal Law §§ 552, 553.
See ALR Index under Concurrent and Consecutive Sentences.

Before: BRENNAN, P.J., and CAVANAGH and COR-
RIGAN, JJ.

PER CURIAM. Following a jury trial, defendant
was found guilty of unarmed robbery. MCL
750.530; MSA 28.798. He subsequently pleaded
guilty of being an habitual felony offender, MCL
769.10; MSA 28.1082, and was sentenced to a
consecutive prison term of not less than 10 nor
more than 22½ years. In this appeal, brought as of
right, defendant claims that the trial court im-
posed a consecutive term of imprisonment without
statutory authority. We disagree and affirm.

The purpose of the consecutive sentencing stat-
ute is to deter persons convicted of one crime from
committing other crimes by removing the security
of concurrent sentencing. The statute should be
construed liberally in order to achieve the deter-
rent effect intended by the Legislature. *People v
Weatherford,* 193 Mich App 115, 118; 483 NW2d
924 (1992).

MCL 768.7a(1); MSA 28.1030(1)(1), provides:

> A person who is incarcerated in a penal or
> reformatory institution in this state, or who es-
> capes from such an institution, and who commits a
> crime during that incarceration or escape which is
> punishable by imprisonment in a penal or refor-
> matory institution in this state shall, upon convic-
> tion of that crime, be sentenced as provided by
> law. The term of imprisonment imposed for the
> crime shall begin to run at the expiration of the
> term or terms of imprisonment which the person
> is serving or has become liable to serve in a penal
> or reformatory institution in this state.

A county jail, when utilized in the execution of a
sentence, is a penal institution. *People v Sheridan,*
141 Mich App 770, 772-773; 367 NW2d 450 (1985).

In this case, the defendant was in the county jail as a term of probation when he committed the crime of unarmed robbery. Consequently, we believe that the trial court had the statutory authority to impose a consecutive sentence because defendant was incarcerated in a penal institution when he committed the offense.

Affirmed.