### PEOPLE v LAMB (AFTER REMAND)

Docket No. 149047. Submitted May 11, 1993, at Lansing. Decided August 16, 1993, at 9:10 A.M.

Robert C. Lamb pleaded guilty in the Genesee Circuit Court, Thomas C. Yeotis, J., of third-degree criminal sexual conduct and was sentenced to five years' probation, with the first year to be served in the county jail. The prosecution filed a motion for resentencing, claiming the sentence of probation was invalid. The court denied the motion, and the prosecution filed a complaint for superintending control with the Court of Appeals. The Court, DANHOF, C.J., and DOCTOROFF and CAVANAGH, JJ., agreed that the sentence was invalid and, on January 31, 1991, entered an order vacating the sentence and remanding for resentencing (Docket No. 133429). However, on January 30, 1991, the trial court had signed an order discharging the defendant from probation. On remand, the defendant was resentenced to six months to fifteen years in prison. He appealed.

After remand, the Court of Appeals *held:*

The trial court erred in imposing probation. It then perpetuated its error by terminating the sentence of probation. The fact that the defendant was discharged from probation did not preclude resentencing. The circuit court had the authority to correct the invalid sentence.

Affirmed.

SENTENCES — PROBATION — INVALID SENTENCES — RESENTENCING.

A defendant who has been discharged from an invalid sentence of probation may be resentenced.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

REFERENCES
Am Jur 2d, Criminal Law §§ 580-586.
See ALR Index under Sentence and Punishment.

*Jerome F. O'Rourke,* for the defendant.

Before: HOLBROOK, JR., P.J., and GRIFFIN and
H. A. BEACH,* JJ.

GRIFFIN, J. Defendant appeals as of right follow-
ing a resentencing at which he was sentenced to
six months to fifteen years in prison for a convic-
tion of third-degree criminal sexual conduct, MCL
750.520d; MSA 28.788(4). We affirm.

On January 26, 1987, defendant pleaded guilty
of one count of third-degree criminal sexual con-
duct stemming from an act of oral copulation
involving a fifteen-year-old boy. On January 22,
1988, defendant was sentenced to five years' proba-
tion, with the first year to be served in the Gene-
see County jail. More than 2½ years later, on
August 20, 1990, the prosecutor filed a motion for
resentencing, claiming that defendant's sentence
of probation was invalid. Following a hearing, the
trial court denied the motion.

The prosecutor then filed a complaint for super-
intending control with this Court. Upon review, we
agreed with the prosecutor's position that the
sentence was invalid. Accordingly, on January 31,
1991, we issued an order vacating defendant's
sentence and remanding for resentencing. Just one
day before the release of the order, however, the
trial court signed an order discharging defendant
from his probation.

On remand, on January 15, 1992, defendant was
resentenced to six months to fifteen years in
prison. On appeal, defendant raises a single issue
for our review. Defendant contends that his abso-
lute discharge from probation precludes resentenc-
ing even though the original sentence of probation

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was invalid. After thorough review, we disagree with defendant's argument.

To support his position, defendant solely relies on our decision in *People v Gregorczyk,* 178 Mich App 1; 443 NW2d 816 (1989). *Gregorczyk* involved a defendant who was given an invalid sentence and later granted an early discharge by the parole board. At issue was what effect the parole board's discharge had on the trial court's subsequent authority to impose a valid sentence. To resolve the issue, the majority in *Gregorczyk* looked to the Supreme Court's decision in *In re Eddinger,* 236 Mich 668; 211 NW 54 (1926). There, the Supreme Court observed that an absolute discharge granted by the Governor operates as a "remission of the remaining portion of [a defendant's] sentence." *Id.* at 670. Seizing on this language, the majority in *Gregorczyk* held that the parole board's actions, even though illegal, operated as a remission of whatever remained of the defendant's initial invalid sentence. *Gregorczyk, supra* at 11-12. Accordingly, the majority determined that the defendant's obligation to the state had ended and that he could not be compelled on resentencing to serve an additional sentence. *Id.* at 12.

After thorough review, we find *Gregorczyk* distinguishable from the present case. We also deem it appropriate to limit *Gregorczyk* to its facts.[1] Unlike *Gregorczyk* and *Eddinger,* the present case does not involve any executive commutation of defendant's original sentence. As noted by the majority in *Gregorczyk,* Gregorczyk's discharge by the parole board involved an exclusive exercise of executive powers. *Gregorczyk, supra* at 10. Fur-

[1] We express no opinion regarding the correctness of the decision in *Gregorczyk, supra.* We note, however, that the viability of *Gregorczyk* appears questionable. See *Michigan ex rel Oakland Co Prosecutor v Dep't of Corrections,* 199 Mich App 681; 503 NW2d 465 (1993).

ther, the majority in *Gregorczyk* declined to assume that the defendant was released for any reason other than that he was determined by the parole board to be an appropriate candidate for discharge. In short, the concerns about separation of powers that compelled the result in *Gregorczyk* are simply not implicated in the case at bar.[2] What we have before us is a case where the trial court simply perpetuated its own error by terminating a sentence of probation that it had no authority to impose in the first place.

On the basis of the foregoing, we hold that the fact that the circuit court discharge defendant from probation did not preclude resentencing. The circuit court had the authority to correct the invalid sentence, MCR 6.429(A), and we affirm the sentence of six months to fifteen years in prison.

Affirmed.

---

[2] Moreover, because defendant received credit for time served on the invalid sentence, the double jeopardy concerns expressed in *Gregorczyk* are likewise not implicated here. See *Gregorczyk, supra* at 9.