## PEOPLE v HILL (AFTER REMAND)

Docket No. 154550. Submitted August 11, 1993, at Lansing. Decided November 16, 1993, at 9:10 A.M. Leave to appeal sought.

Windall D. Hill pleaded guilty in the Oakland Circuit Court, Norman L. Lippit, J., of delivery of more than 50 but less than 225 grams of a mixture containing cocaine. The court, Barry L. Howard, J., ultimately sentenced the defendant to a term of one to twenty years in prison, finding that the defendant's strong family unit, lack of a prior criminal record, and remorse following arrest constituted substantial and compelling reasons to depart from the statutorily mandated minimum sentence of five years. The prosecution appealed, arguing that the reasons cited by the court for departure were not substantial and compelling. The Court of Appeals, SHEPHERD, P.J., and GILLIS and CAVANAGH, JJ., affirmed in an unpublished opinion per curiam, decided April 5, 1991 (Docket No. 126060). Subsequently, having granted the prosecutor's request to convene a conflict resolution panel, the Court of Appeals, SHEPHERD, HOOD, GRIBBS, SAWYER, MCDONALD, DOCTOROFF, and MARILYN KELLY, JJ. (DANHOF, C.J., and GRIFFIN, WEAVER, MURPHY, JANSEN, and MICHAEL J. KELLY, JJ., dissenting), remanded for resentencing, holding that the substantial and compelling reasons required before a court could depart from the presumptive sentence must be objective and verifiable. 192 Mich App 102 (1991). On remand, the court ruled that it had no power to resentence the defendant because he had been unconditionally discharged from his sentence twelve days before the Court of Appeals issued its opinion. The prosecutor appealed.

The Court of Appeals *held:*

Because there was no executive commutation of the defendant's sentence and the time already served can be credited against whatever sentence is eventually imposed, resentencing is not precluded by the defendant's unconditional discharge from the original sentence. Accordingly, further remand to the

REFERENCES

Am Jur 2d, Criminal Law § 583.
See ALR Index under Sentence and Punishment.

trial court is necessary for a determination whether the original sentence was invalid.

Remanded for resentencing.

SENTENCES — INVALID SENTENCES — RESENTENCING.

A defendant who has been discharged from an invalid sentence may be resentenced where the discharge was not the result of executive commutation and the sentence already served can be credited against the new sentence.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Robert C. Williams,* Assistant Prosecuting Attorney, for the people.

*Kevin M. Check,* for the defendant.

### AFTER REMAND

Before: HOOD, P.J., and CAVANAGH and R. J. TAYLOR,* JJ.

PER CURIAM. This case is before us again after remand for resentencing. The prosecutor appeals as of right from the trial court's order denying his motion to resentence defendant. The question presented is whether defendant's absolute discharge from a sentence that may have been invalid precludes resentencing. We conclude that it does not and reverse.

The facts of this case were detailed in our earlier opinion, *People v Hill,* 192 Mich App 102; 480 NW2d 913 (1991). Defendant pleaded guilty of delivery of more than 50 but less than 225 grams of a mixture containing cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii). The trial court delayed sentencing, apparently without authority

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to do so. At the delayed sentencing, on October 23, 1989, the trial court found substantial and compelling reasons to depart from the presumptive minimum sentence of five years' imprisonment and sentenced defendant to one year in jail. The prosecutor filed a motion to correct the sentence, arguing that the sentence was invalid because it was not indeterminate. The trial court granted the motion and resentenced defendant to one to twenty years' imprisonment, again finding substantial and compelling reasons to depart from the five-year minimum.

The prosecutor appealed, contending that the record did not support the finding of substantial and compelling reasons. This Court affirmed in an unpublished opinion per curiam, decided April 5, 1991 (Docket No. 126060).

We then granted the prosecutor's petition to convene a special panel of this Court, pursuant to Administrative Order No. 1990-6, to resolve a conflict with respect to the proper standard for finding substantial and compelling reasons to depart from the presumptive minimum sentence. We held that substantial and compelling reasons for departing from the statutory minimum must be "objective and verifiable," but that the trial court could consider postarrest as well as prearrest factors. *Hill, supra,* 192 Mich App 115. This case was then remanded for resentencing to allow the new standard to be applied.

However, defendant had been unconditionally discharged from sentence on November 10, 1991, twelve days before this Court's opinion was issued. On remand, the trial court ruled, on the basis of our decision in *People v Gregorczyk,* 178 Mich App 1; 443 NW2d 816 (1989), that it had no power to resentence defendant. The prosecutor's appeal followed.

In *Gregorczyk,* the parole board granted the defendant an early discharge from an invalid jail sentence. Subsequently, the defendant was resentenced to probation for life. This Court held that the parole board's action operated as a remission of the invalid sentence and determined that the defendant could not be compelled to serve an additional sentence.

The *Gregorczyk* decision was recently reconsidered in *People v Lamb (After Remand),* 201 Mich App 178; 506 NW2d 7 (1993). The defendant in *Lamb* pleaded guilty of third-degree criminal sexual conduct. He was sentenced to five years' probation, with the first year to be served in jail. Over 2½ years later, the prosecutor filed a motion for resentencing, claiming that the probationary sentence was invalid. The trial court denied the motion, but this Court on appeal held that the sentence was invalid and issued an order vacating the sentence and remanding for resentencing. On the day before the order was issued, the defendant was discharged from probation. *Id.,* p 179. The trial court resentenced the defendant to six months to fifteen years in prison, and the defendant appealed, claiming that his absolute discharge precluded resentencing even though the original probationary sentence was invalid. *Id.*

This Court disagreed. It found *Gregorczyk* distinguishable and restricted *Gregorczyk* to its facts. The two distinguishing features of *Gregorczyk* were: first, *Gregorczyk* involved commutation of a sentence by a part of the executive branch of state government; and, second, it was not possible to credit the time served on the defendant's invalid jail sentence against his subsequent sentence of probation. Those separation of powers and double jeopardy concerns were held not to be implicated in *Lamb.* The *Lamb* panel concluded that the trial

court simply perpetuated its own error by terminating a probationary sentence that it had no authority to impose in the first place. *Id.,* p 181. See also *Michigan ex rel Oakland Co Prosecutor v Dep't of Corrections,* 199 Mich App 681, 694; 503 NW2d 465 (1993).

Like *Lamb,* the present case does not involve executive commutation of defendant's original sentence, nor is there any question but that the time defendant has already served can be credited against whatever sentence is eventually imposed. Therefore, resentencing is not precluded. However, in this case, it is yet to be determined whether the sentence originally imposed was invalid. On remand for resentencing, in considering whether there are substantial and compelling reasons for departing from the mandatory five-year minimum term, the trial court may consider all the circumstances in this case that have led to defendant's release from jail.

Remanded for resentencing. We do not retain jurisdiction.