PEOPLE v YOUNG

WAYNE COUNTY PROSECUTOR V DEPARTMENT OF
CORRECTIONS

Docket Nos. 157780, 161307, 161438. Submitted March 15, 1994, at
Detroit. Decided July 5, 1994, at 9:45 A.M. Leave to appeal
sought.

Gregory L. Young was convicted in the Recorder's Court of
Detroit, Lawrence D. Silverman, J., of breaking and entering
an unoccupied dwelling and was sentenced to a prison term of
42 to 120 months. In July 1983, the defendant had been
sentenced to a prison term of six to fifteen years, but on
September 15, 1989, he had been paroled, with the term of his
parole status being two years. On September 9, 1991, while
on parole, the defendant committed the breaking and entering
that gave rise to this conviction, was arrested, and was housed
in the Wayne County Jail. Despite the fact that the defendant's
parole officer was aware of his arrest on the new felony charge,
the Department of Corrections discharged the defendant from
parole on September 15, 1991. The Wayne County Prosecutor
sought in the Recorder's Court an order to show cause why the
parolee consecutive sentence statute, MCL 768.7a(2); MSA
28.1030(1)(2), should not be enforced with respect to the latest
offense. The Recorder's Court, upon the admission of the De-
partment of Corrections that it mistakenly had discharged the
defendant from his parole, set aside the discharge of parole and
resentenced the defendant to the same prison term, but ordered
the term to be served consecutively to the sentence for which
the defendant was on parole. The defendant appealed. (Docket
No. 157780.)

The Wayne County Prosecutor brought an action in the Wayne
Circuit Court against the Department of Corrections, seeking a
declaration concerning when a consecutive sentence under the
parolee consecutive sentence statute should begin to run. The
Department of Corrections interpreted the statute to mean that

REFERENCES

Am Jur 2d, Pardon and Parole §§ 84, 113.
See ALR Index under Concurrent and Consecutive Sentences; Pa-
role, Probation, and Pardon.

the consecutive term began upon the expiration of the minimum term of the earlier sentence, while the prosecutor argued that the consecutive sentence should not begin to run until the expiration of the maximum term of the prior sentence. The circuit court, Susan B. Neilson, J., granted summary disposition for the prosecutor, holding that the statute required that a reoffending parolee serve the entire maximum sentence for the prior offense before serving the consecutive sentence and that only after the maximum sentence for the prior offense and the minimum sentence of the later offense had been served could the reoffending parolee again be eligible for parole. Gregory L. Young was allowed to intervene. Motions for a rehearing, relief from judgment, or summary disposition were denied. Young and the Department of Corrections each appealed. (Docket Nos. 161307 and 161438.) The appeals were consolidated.

The Court of Appeals *held:*

1. Because Young committed a new felony before the expiration of his parole, he did not complete successfully his parole and, thus, his discharge from parole by the Department of Corrections was in violation of statute. Accordingly, the Recorder's Court had jurisdiction to set aside the illegal discharge of Young's parole and to sentence Young to a consecutive sentence in accordance with the parolee consecutive sentence statute. However, in the interests of due process, a remand for a parole violation hearing in accordance with the statutory requirements is necessary.

2. The Wayne County Prosecutor had standing to file the declaratory judgment action.

3. The Wayne Circuit Court's determination concerning the proper application of the parolee consecutive sentence statute is applicable to Young, inasmuch as the Recorder's Court had authority to set aside his illegal discharge from parole and to impose a consecutive sentence pursuant to the parolee consecutive sentence statute.

4. The interpretation of the parolee consecutive sentence statute by the Department of Corrections is contrary both to the plain meaning of the statute and to the legislative intent. The language of the statute clearly indicates that the consecutive sentence shall begin to run at the expiration of the remaining portion of the term imposed for the previous offense. The Legislature's intent in making the sentences consecutive was to deter criminal activity by those on parole; however, the department's interpretation would nullify that intent in cases like this where the parolee has already served the minimum term of the prior sentence.

5. To the extent that the provisions of MCL 768.7a(2); MSA

28.1030(1)(2), which became effective in 1988, are in conflict with the provisions of MCL 791.238(5); MSA 28.2308(5), which became effective in 1982, the former impliedly repealed the latter.

6. Because the ruling in this case represents a departure from the consistent prior interpretation of the Department of Corrections of the parolee consecutive sentence statute, it is to be given prospective application only.

The sentence imposed by the Recorder's Court is affirmed, but the matter is remanded for a parole violation hearing. The judgment of the Wayne Circuit Court is affirmed.

E.C. Penzien, J., concurring, stated that an adequate basis for the interpretation of the statute is found in its clear language and there is no need to rely on perceived legislative intent. Further, any announcement concerning whether the ruling should be given prospective application only should await presentation and full argument in a case requiring that decision.

1. Prisons and Prisoners — Parole — Discharge from Parole — Courts — Jurisdiction.

A trial court has jurisdiction to set aside a discharge from parole by the Department of Corrections where the discharge was granted before the parolee had completed successfully the term of parole, because until the parole has been completed successfully any discharge would be illegal.

2. Criminal Law — Sentences — Consecutive Sentences — Parole — Statutes — Judicial Construction.

A consecutive sentence imposed under the parolee consecutive sentence statute commences to run upon the completion of the maximum term of the sentence previously imposed; a reoffending parolee sentenced under the parolee consecutive sentence statute is not eligible for parole until the maximum term of the previous sentence and the minimum term of the consecutive sentence have been served (MCL 768.7a[2]; MSA 28.1030[1][2]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *George E. Ward,* Chief Assistant Prosecutor, for the people in No. 157780.

*John D. O'Hair,* Prosecuting Attorney, *Timothy*

*A. Baughman,* Chief of Research, Training, and Appeals, and *George E. Ward,* Chief Assistant Prosecutor; for the Wayne County Prosecutor in Nos. 161307 and 161438.

*Stuart G. Friedman* and *Neal Bush,* for Gregory L. Young in Nos. 157780 and 161307.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Chester S. Sugierski, Jr.,* Assistant Attorney General, for the Department of Corrections in No. 161438.

Before: JANSEN, P.J., and HOLBROOK, JR., and E. C. PENZIEN,* JJ.

JANSEN, P.J. This case arises out of a dispute in the interpretation of the consecutive sentencing statutes as they apply to parolees. In No. 157780, defendant Gregory Young appeals as of right following a resentencing at which he was sentenced to 42 to 120 months' imprisonment for a conviction of breaking and entering an unoccupied dwelling. His sentence is to be served consecutively to his sentence for a prior armed robbery conviction. In Nos. 161307 and 161438, intervenor, Gregory Young, and defendant, Department of Corrections, appeal as of right from the January 6, 1993, order of the Wayne Circuit Court granting summary disposition for the plaintiff, the Wayne County Prosecutor. Wayne Circuit Court Judge Susan Bieke Neilson ruled that the applicable consecutive sentencing statutory provision required that parole violators' sentences must begin to run at the end of the maximum sentence of the prior conviction. We affirm, but remand in No. 157780.

On January 31, 1983, Gregory Young was con-

* Circuit judge, sitting on the Court of Appeals by assignment.

victed of armed robbery. He was sentenced to a prison term of six to fifteen years on July 14, 1983. Young was paroled on September 15, 1989. His parole status was set for a term of two years, with an expiration date of September 15, 1991. On April 25, 1991, Young was convicted of assault and battery and sentenced to a term of probation. On September 9, 1991, Young committed a breaking and entering offense while he was still on parole. Young was held in the Wayne County Jail, and his parole officer was aware of this fact. Inexplicably, the Department of Corrections discharged Young from his parole on September 15, 1991, despite the fact that it knew that Young had violated his parole and was being held in the Wayne County Jail on a new offense. Young also violated his probation, and a warrant was issued for his arrest on March 12, 1992.

On May 26, 1992, Young was convicted of breaking and entering an unoccupied dwelling following a bench trial in the Detroit Recorder's Court. The Recorder's Court sentenced defendant to a prison term of 42 to 120 months on June 10, 1992, and expressed its bewilderment at the fact that the Department of Corrections had discharged Young's parole despite the fact that it knew that Young had committed a felony offense while still on parole.

The Wayne County Prosecutor then sought an order to show cause why the consecutive sentencing statute should not be enforced. On August 7, 1992, a hearing was held. At the hearing, the Department of Corrections admitted that Young had been "mistakenly discharged" from his parole, although no other explanation was given. The Recorder's Court set aside the discharge of parole and resentenced defendant to a consecutive sentence, which, while the same length as before, was

to be served consecutively to the sentence for the prior armed robbery conviction for which he had been on parole.

Because there was a dispute between the Department of Corrections and the prosecutor's office concerning when the second sentence would begin to run, the Wayne County Prosecutor requested that the Department of Corrections state how it interpreted and applied MCL 768.7a(2); MSA 28.1030(1)(2). The Department of Corrections did not respond. The prosecutor then filed a declaratory judgment action in the Wayne Circuit Court concerning the parolee consecutive sentencing statute. The court granted summary disposition to the prosecutor, ruling that the statute required that a reoffending parolee serve the entire maximum sentence of the prior offense before serving the new minimum sentence and only after the maximum sentence for the prior conviction and the minimum sentence for the subsequent conviction were served could the reoffending parolee be eligible for parole.

After the opinion and order was filed, Young sought to intervene, and the request was permitted. Young and the Department of Corrections moved for a rehearing, relief from judgment, or for summary disposition, which were denied.

DOCKET NO. 157780

In this appeal, defendant Young argues that the Recorder's Court was without authority to set aside his discharge from parole and resentence him to consecutive sentences.

The Department of Corrections is part of the executive branch. Const 1963, art 5, § 2. The power to parole is vested in the Department of Corrections, subject to constitutional powers vested in

the judiciary. MCL 791.204; MSA 28.2274; *People v Raihala,* 199 Mich App 577, 579; 502 NW2d 755 (1993). Parole is merely a conditional release, and a paroled prisoner is still in the custody of the Department of Corrections. *Id.* Whether a prisoner is in prison or on parole, the Department of Corrections is merely executing the sentence imposed by the trial court. *Id.*

As this Court has noted, unless and until parole is *successfully* completed, the prisoner is deemed to be serving out the sentence imposed by the trial court. *Id.,* pp 579-580; MCL 791.238(6); MSA 28.2308(6). In the case before us, there is no dispute that Young did not complete successfully his parole, because he committed a felony offense while he was still on parole. The Department of Corrections has admitted that Young mistakenly was discharged from parole. Because Young did not faithfully perform all the conditions and obligations of his parole for the period fixed in the order (here two years), the Department of Corrections' discharge of Young's parole was in violation of MCL 791.242; MSA 28.2312.

Here, Young did not complete successfully his parole, and, therefore, he was still serving out his sentence. Young was discharged improperly from parole in violation of a statute. Therefore, the effect of setting the discharge aside was to require Young to complete the sentence for the armed robbery conviction from which he had been discharged improperly. No new sentence was imposed. The trial court thus had jurisdiction over defendant despite the apparent "discharge" from his parole. *Michigan ex rel Oakland Co Prosecutor v Dep't of Corrections,* 199 Mich App 681, 694; 503 NW2d 465 (1993).

Contrary to defendant's argument, *People v Gregorczyk,* 178 Mich App 1; 443 NW2d 816 (1989),

does not compel a different result. In *Gregorczyk,* the defendant was sentenced originally to an invalid sentence of five to twenty years for a controlled substances violation. During the appeals process, the Department of Corrections discharged the defendant from parole, despite the fact that the defendant had not served even the minimum of his five-year sentence. Thus, not only was the defendant's sentence invalid, but also the Department of Corrections discharged the defendant from parole in violation of the applicable controlled substances statute. However, this Court held that the parole discharge operated as a remission of the remaining portion of the defendant's sentence even though the Department of Corrections' actions were illegal. This Court determined that the defendant could not be compelled on resentencing to serve an additional sentence. *Id.,* p 12.

In *People v Lamb (After Remand),* 201 Mich App 178, 180; 506 NW2d 7 (1993), this Court limited *Gregorczyk* to its facts. In *Lamb,* the defendant was sentenced originally to an invalid sentence of probation, and, just one day before the release of this Court's opinion vacating that invalid sentence, the Department of Corrections discharged the defendant from his probation. The defendant then was resentenced to a term of imprisonment. This Court held that the trial court properly resentenced the defendant despite his discharge from probation, because MCR 6.429(A) permits a court to correct an invalid sentence. *Lamb, supra,* p 181.

Further, in *People v Hill (After Remand),* 202 Mich App 520; 509 NW2d 856 (1993), this Court followed *Lamb* and held that resentencing was not precluded where the defendant was sentenced originally to an invalid sentence and the defendant then was discharged unconditionally from his sen-

tence just twelve days before this Court's opinion remanding the matter to the trial court for resentencing. This Court specifically noted that the case did not involve an executive commutation of the defendant's original sentence and that the defendant was entitled to credit for time served. *Id.*, p 524.

Likewise, we believe that the *Gregorczyk* case should be limited strictly to its unique facts, and we decline to extend its holding to this case. We find *Gregorczyk* to be sufficiently factually distinguishable from the case at bar. In *Gregorczyk, supra,* p 10, this Court assumed that the Department of Corrections was satisfied that the defendant was an appropriate candidate for discharge from parole, and there was no claim of fraud, misrepresentation, or other irregularities. Here, the Department of Corrections admits that Young was discharged mistakenly from parole and that there is no question that the discharge was illegal. Defendant Young may not rely on a separation of powers argument to evade judicial review where the Department of Corrections' actions are so clearly illegal.

Because the parole discharge was in violation of a statute, and therefore illegal, the trial court properly could set aside that parole discharge. It was then within the trial court's authority to resentence Young to a valid consecutive sentence. MCR 6.429(A). The prior sentence was invalid because Young was not sentenced to consecutive sentences as mandated by MCL 768.7a(2); MSA 28.1030(1)(2). Because no new sentence was imposed, Young is required only to complete the sentence from which he was discharged improperly and to serve the consecutive sentence for the subsequent breaking and entering conviction, and, therefore, there is no double jeopardy concern. The

trial court had jurisdiction to resentence Young.
*Oakland Co Prosecutor, supra,* p 694.

In the interests of due process, however, we
remand for a parole violation hearing that com-
ports with the requirements of MCL 791.239a;
MSA 28.2309(1) and MCL 791.240a; MSA
28.2310(1), because this was not done at the resen-
tencing hearing.

### DOCKET NOS. 161307 AND 161438

At issue in these appeals is the interpretation of
the consecutive sentencing statute for reoffending
parolees. MCL 768.7a(2); MSA 28.1030(1)(2).

Defendant Young initially argues that the
Wayne County Prosecutor does not have standing
to bring this action for a declaratory judgment.
This argument was recently rejected by this Court
in *Oakland Co Prosecutor, supra,* pp 693-694. We
agree that the prosecutor had standing to file this
action on behalf of the people of the State of
Michigan pursuant to MCL 49.153; MSA 5.751.
Thus, MCL 49.72; MSA 5.825 does not prevent the
prosecutor from seeking a declaratory judgment
even though the Wayne County Board of Commis-
sioners did not authorize such action. *Oakland Co
Prosecutor, supra,* p 693.

We likewise reject defendant Young's argument
that the Wayne Circuit Court's ruling concerning
the consecutive sentence provision for reoffending
parolees should not apply to him because the
Recorder's Court did not have the authority to
review the Department of Correction's decision to
discharge him. We have already rejected defen-
dant Young's claim that the Recorder's Court did
not have the authority to set aside the illegal
parole discharge; therefore, the Wayne Circuit
Court's interpretation of the consecutive sentenc-

ing provision applies to him. Defendant Young cannot rely on that prior illegal parole discharge to escape the subsequent interpretation of MCL 768.7a(2); MSA 28.1030(1)(2).

Next, we must determine if the Wayne Circuit Court erred in interpreting the reoffending parolee statute concerning consecutive sentences. MCL 768.7a(2); MSA 28.1030(1)(2). Statutory interpretation is a question of law. *Smeets v Genesee Co Clerk,* 193 Mich App 628, 633; 484 NW2d 770 (1992). Questions of law are reviewed de novo on appeal. *Rapistan Corp v Michaels,* 203 Mich App 301, 306; 511 NW2d 918 (1994).

MCL 768.7a(2); MSA 28.1030(1)(2) provides:

> If a person is convicted and sentenced to a term of imprisonment for a felony committed while the person was on parole from a sentence for a previous offense, the term of imprisonment imposed for the later offense shall begin to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense.

We must construe this provision in conjunction with MCL 791.238(5); MSA 28.2308(5), which provides:

> A prisoner committing a crime while at large on parole and being convicted and sentenced for the crime shall be treated as to the last incurred term as provided under section 34 [MCL 791.234; MSA 28.2304].

MCL 791.234(2); MSA 28.2304(2) provides:

> If a prisoner is sentenced for consecutive terms, whether received at the same time or at any time during the life of the original sentence, the parole board shall have jurisdiction over the prisoner for purposes of parole when the prisoner has served

the total time of the added minimum terms, less
the good time and disciplinary credit allowed by
statute. The maximum terms of the sentences
shall be added to compute the new maximum term
under this subsection, and discharge shall be is-
sued only after the total of the maximum sen-
tences has been served less good time and discipli-
nary credits, unless the prisoner is paroled and
discharged upon satisfactory completion of the
parole.

The Department of Corrections maintains that
parolees who commit an offense while on parole
are subject to consecutive sentences, but that the
subsequent sentence begins to run at the end of
the minimum term of the prior offense. Thus,
under the Department of Corrections' interpreta-
tion of MCL 768.7a(2); MSA 28.1030(1)(2), Young's
subsequent sentence for the conviction of breaking
and entering begins to run at the expiration of the
minimum term for the armed robbery conviction
(here, the six-year minimum term). Because Young
already had served the minimum sentence for the
armed robbery conviction before he had been
placed on parole status, Young's breaking and
entering sentence would begin to run immediately,
because he has already served his minimum term
for the prior offense.

The prosecutor's position is that MCL 768.7a(2);
MSA 28.1030(1)(2) requires that when a parolee
commits an offense while on parole, the subse-
quent sentence must begin to run at the expiration
of the maximum term of the prior offense. Thus, in
Young's case, his breaking and entering sentence
would not begin to run until Young had served his
fifteen-year maximum sentence for the prior
armed robbery conviction. The Wayne Circuit
Court agreed with the prosecutor's position.

A fundamental rule of statutory construction is

to ascertain the purpose and intent of the Legislature in enacting a provision. *Farrington v Total Petroleum, Inc,* 442 Mich 201, 212; 501 NW2d 76 (1993). Where the language of a statute is clear, there is no need for judicial interpretation, and it must be applied as written. *Id.,* p 208. In this case, however, we are faced with two apparently conflicting statutory provisions, MCL 768.7a(2); MSA 28.1030(1)(2) and MCL 791.234(2); MSA 28.2304(2). When two statutes address the same subject, courts must endeavor to read them harmoniously and to give both statutes a reasonable effect. *House Speaker v State Administrative Bd,* 441 Mich 547, 568; 495 NW2d 539 (1993).

In *People v Watts,* 186 Mich App 686; 464 NW2d 715 (1991), this Court, in dicta, noted the conflict between MCL 768.7a(2); MSA 28.1030(1)(2) and MCL 791.234(2); MSA 28.2304(2). This Court noted that while the Department of Corrections' procedure in adding the minimums and the maximums appeared to be "reasonable," it did not strictly comply with the statutes. *Watts, supra,* pp 690-691. While a court will accord deference to the construction placed upon statutory provisions by a particular department of the government for a long period, the agency's interpretation is not binding on a court and cannot be used to overcome the statute's plain meaning. *Ludington Service Corp v Acting Comm'r of Ins,* 444 Mich 481, 490, 503-504; 511 NW2d 661 (1994).

We find that the interpretation of the Department of Corrections is contrary to a plain reading of MCL 768.7a(2); MSA 28.1030(1)(2) and contrary to the legislative intent. The legislative history of the statute evidenced in House Legislative Analysis, SB 397, February 17, 1988, in advancing the arguments for the bill, indicates that the bill would ensure that a prisoner finishing a sentence

on parole would be subject to the same sort of consecutive sentencing that existed for crimes committed while in prison or escape. Further, the bill would punish the behavior of committing a crime while on parole and ensure that such prisoners are incarcerated for a greater period, thereby protecting the public for a greater period than concurrent sentencing would. The bill was also advanced as possibly having a deterrent effect on criminals contemplating further crime while on parole. Fiscal implications were considered, but only an "indeterminate increase" was considered to result from passage of the statute. Moreover, this Court has acknowledged that the purpose of the consecutive sentencing statute is to deter persons convicted of one crime from committing other crimes by removing the security of concurrent sentencing. The statute should be construed liberally to achieve the deterrent effect intended by the Legislature. *People v Dukes,* 198 Mich App 569, 570; 499 NW2d 389 (1993).

The statute reads in part that "the term of imprisonment imposed for the later offense shall begin to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense." MCL 768.7a(2); MSA 28.1030(1)(2). Were we to accept the interpretation of the Department of Corrections, we would essentially nullify the provision itself and the Legislature's intent. In reoffending parolee cases, the Department of Corrections adds the minimum of the prior sentence and the minimum of the subsequent sentence to determine the "new" minimum sentence. Once the new minimum sentence is served, the defendant is again eligible for parole. However, because the defendant would have already served the minimum term of the prior sentence, adding the minimum terms serves to negate

any penalty for violating parole because only the term of the later minimum sentence is actually served. This interpretation is clearly contrary to the mandate of the statute that the later sentence shall begin to run at the expiration of the *remaining portion* of the term imposed for the previous offense and eliminates any meaning to the term "remaining portion" of the term imposed for the previous offense. See *People v Brown,* 186 Mich App 350, 359; 463 NW2d 491 (1990); *People v Johnson,* 205 Mich App 144; 517 NW2d 273 (1994). This interpretation is also contrary to the Legislature's intent that a consecutive sentence be served by parole violators, that parole violators be incarcerated for a greater period, and that there be a deterrent effect on prisoners contemplating further crime while on parole. See House Legislative Analysis, SB 397, February 17, 1988.

We therefore conclude that the Legislature impliedly repealed MCL 791.238(5); MSA 28.2308(5), which became effective in 1982, when it implemented MCL 768.7a(2); MSA 28.1030(1)(2), which became effective in 1988. From the language of the subsequent provision and the legislative history, it is clear that the subsequent legislative act conflicts with the prior act and repeal by implication may be inferred by this Court. *House Speaker, supra,* p 563.

The Department of Corrections has essentially advanced a number of policy arguments concerning why we should uphold its interpretation of MCL 768.7a(2); MSA 28.1030(1)(2). While it may be that prison overcrowding, monetary expenditures, and no real deterrent effect later prove that the statute is essentially ineffective, these are policy issues for our Legislature. The policy arguments advanced by the Department of Corrections may better serve the taxpayers in the long run, but it is

not for this Court to nullify a statute over a disagreement of policy considerations.

Accordingly, we hold that the reoffending parolee statute, MCL 768.7a(2); MSA 28.1030(1)(2), impliedly repealed MCL 791.238(5); MSA 28.2308(5), because the subsequent statute clearly conflicts with the prior provision. Under a clear reading of the statute and in accordance with the Legislature's intent, the subsequent sentence of a parolee who commits an offense while still on parole must begin to run at the end of the maximum sentence for the prior offense. MCL 768.7a(2); MSA 28.1030(1)(2). Therefore, a reoffending parolee is not eligible for parole again until the remainder of the maximum sentence for the prior offense and the minimum sentence for the subsequent offense have been served.

Because this ruling represents a departure from the consistent prior interpretation and application of the Department of Corrections of MCL 768.7a(2); MSA 28.1030(1)(2) to parole violators, it is to be given prospective application only. Cf. *People v Russo*, 439 Mich 584, 594; 487 NW2d 698 (1992).

Accordingly, we affirm in No. 157780, but remand to the Recorder's Court for a parole violation hearing. We affirm the judgment of the Wayne Circuit Court in Nos. 161307 and 161438.

HOLBROOK, JR., J., concurred.

E. C. PENZIEN, J. *(concurring)*. I agree with the results announced by this Court in the opinion by Judge JANSEN, and I agree for the most part with her analysis of the law.

I am unable to find any "intent" in the minds of the majority of the legislators. However, it seems undeniable that the Legislature has spoken in clear and unmistakable language by the enact-

ment of MCL 768.7a(2); MSA 28.1030(1)(2), which requires the results reached in these cases.

Defendant Young argues that the legislative enactments should not be followed, claiming that under facts different from those in his case, the results could be Draconian. The results are certainly not Draconian as applied to the facts in defendant Young's case. Whether there may be some constitutional prohibition against the application of the legislative enactments to the facts of a different case should await announcement in a case clearly presenting such facts.

Finally, I do not concur in the announcement, in dicta, in the opinion by Judge JANSEN that the ruling in this case should be given prospective application only. In my judgment, such an announcement should await presentation and full argument of a case requiring the decision.