PEOPLE v CLARK

Docket No. 162735. Submitted October 19, 1994, at Lansing. Decided
November 21, 1994, at 9:05 A.M.

Edward W. Clark pleaded guilty in the Ingham Circuit Court,
William E. Collette, J., of carrying a concealed weapon in a
motor vehicle and was sentenced to a prison term of three to
five years. The defendant sought to withdraw his guilty plea on
the basis that he had not been informed that the new sentence
would have to be served consecutively to the remainder of the
sentence for which he was on parole at the time of the commis-
sion of this offense and that, had he known of the consecutive
nature of the sentence for this offense, he would not have
pleaded guilty. The motion to withdraw the guilty plea was
denied. The defendant appealed.

The Court of Appeals *held:*

1. The sentence imposed in this case was within the range set
by the sentencing guidelines and, accordingly, is presumptively
neither excessively severe nor unfairly disparate. Further, the
defendant has not established on the record a basis that would
justify downward departure from the range set by the sentenc-
ing guidelines. Accordingly, the sentence imposed in this case
does not violate the principle of proportionality.

2. The fact that a sentence must be served consecutively to
the sentence in another case does not affect the determination
whether the sentence violates the principle of proportionality.

3. The decision in *People v Young,* 206 Mich App 144 (1994),
that MCL 768.7a(2); MSA 28.1020(1)(2) requires sentences for
crimes committed while on parole to be served consecutively to
the unserved portion of the prior sentence is to be applied
prospectively only to sentences for crimes committed after the
decisional date in *Young.* Because the offense in this case was
committed before the decisional date in *Young,* this sentence
must be calculated by the Department of Corrections consistent
with its pre-*Young* interpretation of MCL 768.7a(2); MSA
28.1030(1)(2). The defendant's plea was knowing and voluntary.

Affirmed.

REFERENCES

Am Jur 2d, Criminal Law §§ 551, 552, 554.

See ALR Index under Concurrent and Consecutive Sentences.

CRIMINAL LAW — SENTENCES — CONSECUTIVE SENTENCES — PAROLE.
The decision in *People v Young*, 206 Mich App 144 (1994), that the sentence for a crime committed while a defendant is on parole is to be served consecutively to the unserved portion of the prior sentence is to be applied prospectively only to those offenses committed after July 5, 1994, the decisional date of *Young* (MCL 768.7a[2]; MSA 28.1020[1][2]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, and *Samuel R. Smith,* Chief Appellate Attorney, for the people.

*James M. Walline,* for the defendant.

Before: NEFF, P.J., and MARILYN KELLY and P. R. JOSLYN,* JJ.

MARILYN KELLY, J. Defendant, Edward Wheeler Clark, seeks relief from the sentence imposed following his plea of guilty to the charge of carrying a concealed weapon in a motor vehicle. MCL 750.227; MSA 28.424. He committed the offense while on parole for an earlier felony conviction. The judge sentenced him to three to five years imprisonment. Subsequently, he denied defendant's motion to withdraw his guilty plea. Defendant asserted that, when he pled guilty, no one informed him that he had to complete the sentence for his prior conviction before the sentence for ccw would begin to run. He argues that effectively he was sentenced to 13½ to 15½ years for the offense to which he pled.

I

On appeal, defendant contends that his sentence violates the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(1990). He asserts that the trial judge did not recognize the extent of his sentencing prerogatives when he fashioned defendant's sentence. We affirm.

Defendant's first assertion that his sentence is disproportionate is without merit. The record indicates that defendant was sentenced within the sentencing guidelines' range. A sentence within the range is presumptively neither excessively severe nor unfairly disparate. *People v Broden,* 428 Mich 343, 354-355; 408 NW2d 789 (1987); *People v Dukes,* 189 Mich App 262, 266; 471 NW2d 651 (1991). Defendant has not established any unusual circumstances which would justify a downward departure from the guidelines. Defendant cannot establish that the judge imposed a sentence which violated the principle of proportionality set forth in *Milbourn.*

II

Defendant also asserts that the sentence must be considered in conjunction with the sentence he will be required to serve for his prior offense in order to evaluate its proportionality. However, neither the trial court nor our Court is required to consider the length of consecutive sentences in deciding the proportionality of each individual sentence. As long as each sentence is proportionate, the cumulative effect of consecutive sentences does not affect proportionality. *People v Warner,* 190 Mich App 734, 736; 476 NW2d 660 (1991).

However, our conclusion does not fully settle the matter presented on appeal. Recently, our Court considered the appeal of an individual who, while on parole, violated its terms by committing another crime. The Court held that the defendant must complete the remaining portion of the maxi-

mum sentence imposed for the previous offense before beginning the sentence imposed for the later offense. MCL 768.7a(2); MSA 28.1020(1)(2); *People v Young,* 206 Mich App 144; 521 NW2d 340 (1994). In his argument to us, defendant anticipates that he will be subject to the holding in *Young.* He insisted below and again on appeal that, had he realized the potential impact of *Young,* he would not have pled guilty. Having reviewed the record, we conclude that defendant's plea was knowing and voluntary.

Moreover, the *Young* opinion stated that the decision should be given prospective application only. *Young,* p 159. We believe that prospective application means that the holding in *Young* applies only to those individuals who commit a crime after the date on which the opinion was issued. Therefore, defendant's sentence may be calculated by the method previously employed by the Department of Corrections consistent with its pre-*Young* interpretation of MCL 768.7a(2); MSA 28.1030(1)(2).

We affirm defendant's conviction and sentence.