HARPER v DEPARTMENT OF CORRECTIONS

Docket No. 163821. Submitted December 6, 1995, at Lansing. Decided
    March 5, 1996, at 9:00 A.M.

Gene R. Harper brought an action for mandamus in the Court of
    Appeals against the Department of Corrections, seeking to
    compel the defendant to discharge his parole as of May 22,
    1990, as directed by the Parole Board in an order issued on
    May 11, 1990, but never delivered to the plaintiff.

The Court of Appeals *held:*

A parolee's sentence is not deemed to have been served until
all the conditions and obligations of parole have been faithfully
performed for the period of parole.

In this case, because the plaintiff violated a condition of
parole when he committed criminal offenses on May 17, 1990,
he is not entitled to a discharge of his parole.

Complaint dismissed.

PAROLE — DISCHARGE.

A paroled prisoner remains in the custody of the Department of
    Corrections until all the conditions and obligations of the
    parole have been faithfully performed; unless and until parole
    is successfully completed, the prisoner is deemed to be serving
    the sentence imposed by the trial court (MCL 791.238[6],
    791.242; MSA 28.2308[6], 28.2312).

*Lawrence S. Katz,* for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, and *Jason Julian,* Assis-
tant Attorney General, for the defendant.

Before: McDONALD, P.J., and WAHLS and D. B.
LEIBER,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.
                          REFERENCES
Am Jur 2d, Pardon and Parole §§ 6, 80, 84.
See ALR Index under Parole, Probation, and Pardon.

PER CURIAM. This is an original action for mandamus brought before this Court for plenary consideration pursuant to MCR 7.206(D). Plaintiff, Gene R. Harper, challenges the refusal of defendant, Department of Corrections, to discharge his parole, which would effectively end his prior sentences. We dismiss the complaint.

In this action, we must decide whether plaintiff's sentence in a previous case should have been discharged. Plaintiff had been sentenced to a term of two to five years' imprisonment for operating a motor vehicle while under the influence of liquor, third offense, and a term of one to seven years' imprisonment for prison escape. Plaintiff was paroled on November 18, 1988. In the spring of 1990, the parole board issued, but did not deliver, an order for the discharge of plaintiff's sentences. This order is stamped May 11, 1990, and lists a parole expiration date of May 22, 1990.

Around 12:09 A.M. on May 17, 1990, plaintiff was arrested while trying to force open the front door of a mobile home. Although the police report noted that plaintiff was on parole for two prior sentences, plaintiff was not served with parole violation charges until May 23, 1990. However, the discharge order that had already been issued was never delivered to plaintiff. Defendant treated the order as if it had never been issued.

Following a jury trial, plaintiff was convicted of malicious destruction of property, MCL 750.380; MSA 28.612, and resisting and obstructing a police officer, MCL 750.479; MSA 28.747. Plaintiff then pleaded guilty of being an habitual offender, second offense, MCL 769.10; MSA 28.1082. Plaintiff was sentenced as an habitual offender to a term of thirty to seventy-two months' imprisonment, to be served consecutively to his prior sentence. On

April 27, 1993, plaintiff filed a complaint for mandamus in this Court.

Plaintiff maintains that the May 22, 1990, order discharged his parole and effectively ended his prior sentences. We disagree.

A paroled prisoner remains in the custody of the Department of Corrections. *People v Young,* 206 Mich App 144, 150; 521 NW2d 340 (1994). Unless and until parole is successfully completed, the prisoner is deemed to be serving the sentence imposed by the trial court. MCL 791.238(6); MSA 28.2308(6); *Young, supra,* p 150.

Here, plaintiff's parole order barred him from engaging in assaultive behavior, consuming intoxicants, and committing misdemeanors and felonies. Plaintiff violated his parole when he maliciously destroyed property and resisted and obstructed a police officer on May 17, 1990. As in *Young, supra,* p 150, plaintiff committed additional felonies while on parole, i.e., while still serving the sentence imposed by the trial court.

In addition, MCL 791.242; MSA 28.2312 provides that a paroled prisoner is not deemed to have served his full sentence until he has "faithfully performed all of the conditions and obligations of his parole for the period of time fixed in such order." The statute does not require that notice of a parole violation be served before the scheduled date of discharge. According to the terms of the statute, plaintiff had not served his full sentence as of May 22, 1990.

Although plaintiff relies upon *People v Gregorczyk,* 178 Mich App 1, 10-12; 443 NW2d 816 (1989), more recent cases have disagreed with *Gregorczyk* and limited the application of that case to cases with similar facts. *Young, supra,* p 152; *People v Lamb (After Remand),* 201 Mich App 178, 180; 506 NW2d 7 (1993). Additionally, *Gregorczyk* is distin-

guishable because the trial court there imposed a new sentence after the prior sentence had been served and discharged. Here, in contrast, the Department of Corrections seeks only to enforce plaintiff's original sentence.

We deny plaintiff's request to declare effective the May 22, 1990, order of the parole board discharging plaintiff's parole.

Complaint dismissed.