*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOSEPH WAYNE SHEPARD,

        Defendant-Appellant.

UNPUBLISHED
December 15, 2022

No.   357012
Roscommon Circuit Court
LC No.   19-008366-FH;
           19-008371-FH

Before:  SHAPIRO, P.J., and BORRELLO and YATES, JJ.

PER CURIAM.

Defendant, Joseph Shepard, was charged with delivery of methamphetamine after he sold the drug to a confidential informant. While he was in pretrial detention, defendant used a telephone at the county jail to call his girlfriend to tell her of the location of hidden methamphetamine and to instruct her about how to distribute it. These calls led law-enforcement officers to defendant's girlfriend's residence, where they found and seized several grams of methamphetamine and drug paraphernalia. Defendant was then charged with additional drug offenses. Because defendant was held in jail at the time of the subsequent offenses, the trial court cited MCL 768.7a(1) in imposing mandatory consecutive prison terms of 8 to 20 years for delivery of methamphetamine and 2 to 10 years for possession of the methamphetamine that was discovered and seized while defendant was detained in jail. On appeal, defendant argues that the trial court erred when it imposed consecutive sentences. We agree, so we shall vacate the consecutive sentences and remand for resentencing.

## I. FACTUAL BACKGROUND

On September 16, 2019, an informant purchased methamphetamine from defendant as part of a "buy-bust" operation that resulted in defendant's arrest. Defendant was charged and arraigned for delivery of methamphetamine. While awaiting further court action, defendant was held in the Roscommon County Jail. While he was confined at the jail, defendant made telephone calls from a jail phone even though he was aware the phone calls were being recorded. During his calls with his girlfriend, defendant instructed her to retrieve methamphetamine from his home and distribute the drug. Officers reviewed the phone calls and then executed a search warrant at the girlfriend's residence, where the officers discovered 12 grams of methamphetamine and drug paraphernalia.

-1-

The Roscommon County prosecutor thereafter charged defendant with the crimes of conspiracy to possess methamphetamine with intent to deliver and possession of methamphetamine with intent to deliver.

Defendant ultimately pleaded guilty to one count of delivery of methamphetamine and one count of possession of methamphetamine. At the time of his plea hearing, defendant was advised that the sentences on the two charges would be consecutive, and defendant subsequently objected to the imposition of consecutive sentences. Despite his objection, defendant was sentenced to 8 to 20 years' imprisonment for delivery and 2 to 10 years' imprisonment for possession, with the two sentences to be served consecutively under MCL 768.7a(1) because defendant was detained in the county jail when he committed the second offense. On this appeal as on leave granted, see *People v Shepard*, 508 Mich 1034; 969 NW2d 25 (2022), defendant contends that the trial court erred in ruling that it was bound by MCL 768.7a(1) to impose consecutive prison terms for the two offenses of conviction. Thus, we must decide whether the trial court was obligated to impose consecutive sentences in this case.

## II. LEGAL ANALYSIS

The trial court believed that MCL 768.7a(1) mandated the imposition of consecutive prison terms for defendant's two drug convictions. Defendant insists that the trial court had the discretion under MCL 768.7b(2) to impose concurrent or consecutive prison terms for the methamphetamine offenses. "Whether a consecutive sentence may be imposed is a question of statutory interpretation that we review de novo." *People v Parker*, 319 Mich App 410, 414; 901 NW2d 632 (2017). "A consecutive sentence may be imposed only if specifically authorized by law." *People v Gonzalez*, 256 Mich App 212, 229; 663 NW2d 499 (2003).

MCL 768.7a(1), which requires consecutive sentencing in certain situations, states:

A person who is incarcerated in a penal or reformatory institution in this state, or who escapes from such an institution, and who commits a crime during that incarceration or escape which is punishable by imprisonment in a penal or reformatory institution in this state shall, upon conviction of that crime, be sentenced as provided by law. The term of imprisonment imposed for the crime shall begin to run at the expiration of the term or terms of imprisonment which the person is serving or has become liable to serve in a penal or reformatory institution in this state.

Thus, the mandate in MCL 768.7a(1) to impose consecutive sentences applies if "defendant was 'incarcerated in a penal or reformatory institution' at the time" he committed the second drug crime to which he pleaded guilty. *Parker*, 319 Mich App at 416. Defendant contends that his detention in the Roscommon County Jail did not constitute incarceration in a penal or reformatory institution, as contemplated by MCL 768.7a(1).

A "penal or reformatory institution" includes "any grounds under the control of any person authorized by the Department of Corrections to have a prison inmate under care, custody or supervision either in an institution or outside an institution." *Parker*, 319 Mich App at 416. That broad definition includes county jails. *People v Weatherford*, 193 Mich App 115, 120; 483 NW2d

924 (1992). But defendant insists he was not "incarcerated" in a county jail when he committed the second offense because he was housed in the jail as a pretrial detainee, rather than as a convict. "The purpose of [MCL 768.7a(1)] is to deter persons *convicted* of one crime from committing other crimes by removing the security of concurrent sentencing." *People v Dukes*, 198 Mich App 569, 570; 499 NW2d 389 (1993) (emphasis added). In light of that purpose, "[a] county jail, when utilized in the execution of a sentence, is a penal institution." *Id.* But defendant was not confined in the Roscommon County Jail "in the execution of a sentence" because he was a pretrial detainee. Therefore, "MCL 768.7a(1) did not apply" because "defendant was not serving a sentence at the time he" committed the second methamphetamine offense, "but was in jail awaiting the disposition of charges pending against him" in the initial drug case. *People v Purnell*, unpublished per curiam opinion of the Court of Appeals, issued August 8, 2017 (Docket No. 333288), pp 4-5. Thus, MCL 768.7a(1) did not require the trial court to sentence defendant to consecutive prison terms on the two counts of conviction.

But as defendant must recognize, the trial court had the discretion to impose consecutive prison terms for the two methamphetamine charges. According to MCL 768.7b(2):

> Beginning January 1, 1992, if a person who has been charged with a felony, pending the disposition of the charge, commits a subsequent offense that is a felony, upon conviction of the subsequent offense or acceptance of a plea of guilty, guilty but mentally ill, or nolo contendere to the subsequent offense, the following shall apply:

> (a) Unless the subsequent offense is a major controlled substance offense, the sentences imposed for the prior charged offense and the subsequent offense may run consecutively.[1]

"A case is 'pending disposition' until the defendant is sentenced for the offense." *People v Dukes*, 189 Mich App 262, 267; 471 NW2d 651 (1991). Thus, defendant's first methamphetamine charge was "pending disposition" at the time he committed his second methamphetamine offense. Hence, although we must vacate defendant's consecutive sentences that were erroneously imposed under MCL 768.7a(1), the trial court nonetheless retains the discretion on remand to impose consecutive sentences if the trial court finds such an outcome appropriate under MCL 768.7b(2) and consistent with the standards in *People v Norfleet*, 317 Mich App 649, 664-665; 897 NW2d 195 (2016).

Defendant's consecutive sentences are vacated and the case is remanded for resentencing. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Stephen L. Borrello
/s/ Christopher P. Yates

---

[1] Defendant's "subsequent offense" of possession of methamphetamine in contravention of MCL 333.7403(2)(a)(*v*) does not qualify as a "major controlled substance offense" under MCL 761.2.